# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 2:13-cr-00086 |
| v. | Judge Graham |
| Jack Morris, | |
| Defendant. | |

## OPINION & ORDER

This matter is before the Court upon two (2) motions filed *pro se* by Defendant Jack Morris. First, Morris brings a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which allows for modification of a previously imposed sentence upon a showing of "extraordinary and compelling reasons." Doc. 231; 18 U.S.C. § 3582(c)(1)(A). The government opposes this motion. Doc. 233.

Second, Morris brings a motion seeking to receive credit for time served on a conviction in state court, because the sentence for that conviction was ordered by the state court to run concurrently to the sentence imposed in this case. Doc. 234. The government does not oppose this motion. Doc. 238. For the reasons set forth below, the Court **DENIES** Morris' motion for compassionate release and **GRANTS** Morris' motion for sentence credit to the extent the Court has the power to provide the relief requested. Furthermore, the Court **DENIES** as moot Morris' motion for an extension of time. *See* Doc. 235.

### Morris' Motion for Compassionate Release

Morris bases his motion entirely on the First Step Act of 2018, which eliminated "stacked" sentencing for firearm offenses. Morris was indeed the recipient of a "stacked" sentence which would have been imposed differently if he were sentenced after the passage of the First Step Act

[1]

of 2018. Specifically, in this case, a jury found Morris guilty of two counts (16 and 21 of the indictment) of possessing a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A). Because Morris had never before been convicted of such a firearm offense, the Court sentenced Morris to the statutory minimum of 60 months on Count 16. *Id.* But, for the same offense under Count 21, the Court sentenced Morris to 300 months, the statutory minimum for offenders with a *prior* firearm conviction, because Count 16 was considered a prior conviction despite Morris being charged (and convicted) of the offenses in the same indictment. 18 U.S.C. § 924(c)(1)(C)(i). This practice—sentencing a defendant as both a first-time- and a repeat-offender upon the same indictment—became known as "stacked sentencing," and the First Step Act specifically eliminated the practice by reserving the "prior conviction" enhancement for only those who have a *final* prior conviction. *See* 18 U.S.C. § 924(c)(1)(C)(i). In sum, if Morris were sentenced for these offenses under current law, the Court would be required to impose a minimum sentence of 60 months as to *both* Counts 16 and 21.

But this change was explicitly made *non*retroactive. *See* FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. In a November 2023 amendment to the relevant policy statement, the Sentencing Commission stated that an "extraordinary and compelling reason" for sentence reduction may be found when the defendant is serving an "unusually long sentence" which, due to a change in law, shows a "gross disparity" when compared to a hypothetical sentence that would apply under current law. U.S.S.G. 1B1.13(b)(6). However, the Sixth Circuit recently held 1B1.13(b)(6) to be invalid to the extent that it allows a court to, in effect, apply nonretroactive changes in sentencing law to a defendant who was sentenced under previous law. *See United States v. Bricker*, 135 F.4th 427, 450 (6th Cir. 2025). In sum, when considering whether extraordinary and compelling circumstances are present for the purposes of a motion brought under 18 U.S.C. §

[2]

3582(c)(1)(A), the Court may not consider nonretroactive changes in sentencing law. In his motion, Morris does not specifically cite to 1B1.13(b)(6), but he emphasizes the "enormous disparity between the sentence [imposed] and the sentence a defendant would receive today." Doc. 231, # 1901. This is the exact consideration proscribed by *Bricker*, and thus Morris has not established extraordinary and compelling circumstances on this basis.

Morris also cites his rehabilitation as supporting his motion for compassionate release. *Id.* The Court certainly commends Morris for his dedicated efforts toward rehabilitation, as evidenced by his list of achievements and program engagement. *See id.* However, the law is clear that the Court may not consider rehabilitation "alone" as an extraordinary and compelling circumstance warranting a reduction in sentence. *See* 28 U.S.C. § 994(t). Thus, Morris has not established extraordinary and compelling circumstances, and his motion must be **DENIED**.

### Morris' Motion Seeking credit for Time Served on a State Court Sentence[1]

Morris' second motion seeks credit for time he served on a state court case, claiming that his federal sentence has been miscalculated without such credit. Doc. 234. The government, which does not oppose Morris' motion nor the grant of credit toward his sentence, helpfully summarizes the relevant history in its brief:

> When he was sentenced in Franklin County, the court there ordered that the state sentence of 10 years be served concurrently to Morris's sentence in the instant matter, stating "Said sentence shall run concurrently to Case No. 13CR-86 and the Defendant's Federal Court Case." [Doc. 238-1, # 2020]. The court further ordered that Morris be released from state custody and returned to federal custody. [Doc. 238-1, # 2021]. Furthermore, Morris's written guilty plea in that matter included specific language indicating that the parties agreed recommend to the court that the state court sentence be ordered to be served concurrently to his federal sentence in the instant matter. *See* [Doc. 238-2].

---

[1] Morris' motion is docketed as a "motion for reconsideration," apparently referring to the denial of his request (to the Texas Designation and Computation Center) to receive credit on his sentence in this case for the time served in his state court case. Doc. 234. Regardless, the relief requested by Morris is clear.

[3]

> Despite these orders, Morris remained in state custody and served what appears to be the full term of his state sentence in state custody. *See* [Doc. 238-3]. At the completion of that term of incarceration, Morris was returned to federal custody, to resume serving his federal sentence. Based on undersigned counsel's communications with a representative from the Bureau of Prisons ("BOP") and documents from BOP, Morris has not received credit towards his federal sentence for the time that he spent in the custody of the State of Ohio until approximately October 2022, which is the same time he was released from ODRC custody.

Doc. 238, # 2017. The government goes on to describe its understanding, shared by this Court, that the BOP has discretion over the calculation of service time. *Id.* However, in considering an inmate's request such as Morris', the BOP is directed to consider the "intent of the federal sentencing court." BOP Program Statement 5160.05(8).

Naturally, this intent may be ascertained from the original order of judgment (*id.* at 5160.05(9)(b)(1)), but the government notes that this Court made no statement as to whether the sentence imposed in this case was to be served concurrently to any sentence that Morris might receive in his then-pending state case. Doc. 238, # 2016.[2] The BOP Program Statement also notes that the sentencing court's intent may be ascertained from the Court ordering concurrent service of a federal sentence "at some time after its imposition." *Id.* at 5160.05(9)(b)(2)).

Therefore, to the extent that the Court's silence in its judgment of sentence has precluded the BOP from providing Morris with the credit explicitly ordered by the state court, the Court

---

[2] While the sentence in this case was imposed prior to the imposition of the state court sentence, Morris was indicted in the state court case prior to the indictment in the instant case. The BOP Program Statement provides that a federal sentencing court may indicate its intent for concurrent service by, *inter alia*, recommending that the federal sentence be served in a state institution. 5160.05(9)(b)(2)) Thus, the Program Statement contemplates concurrent service being ordered by the federal sentencing court in a situation in which the inmate is already "in primary non-federal custody (i.e., produced on a writ)," such that the federal sentencing court may may find it appropriate that the defendant remain confined at the same institution at which he is already serving a state court sentence. Due to the timing in this case, Morris was not serving a state court sentence of imprisonment when the Court imposed its sentence, and therefore the Court did not have reason to make such a recommendation.

hereby **ORDERS** that Morris' sentence be served concurrently to his state court sentence in case 11CR3506 in the Franklin County Court of Common Pleas. To that end, the Court recommends that the BOP designate the non-federal institution(s) in which Morris served his state sentence for service of the federal sentence imposed in this case.

## CONCLUSION

For the reasons set forth above, the Court finds no extraordinary and compelling circumstances warranting a reduction of Defendant Jack Morris' sentence in this matter, and thus his motion (Doc. 231) is therefore **DENIED**.

However, the Court finds Morris' motion for service time credit (Doc. 234) to be well-taken and hereby **GRANTS** the same, to the extent that the relief the Court has announced herein is consistent with that requested by Morris and that which the Court has the power to provide. The Court **ORDERS** that Morris' sentence in this matter be served concurrently to his state court sentence in case 11CR3506 in the Franklin County Court of Common Pleas, and his current service time credited accordingly by designating the non-federal institution(s) in which Morris served his state sentence for service of the federal sentence imposed in this case.

Finally, the Court **DENIES** as moot Morris' motion for an extension of time to reply to the government's response in opposition to his motion for compassionate release. *See* Doc. 235. The extended deadline date requested by Morris has come and gone without any such Reply. Morris indicates in his motion that he intends to marshal new and additional materials in support of his motion for compassionate release, and he is free to bring a new motion based on those materials. Given the basis of the Court's denial of the current motion for compassionate release—to wit, that

neither of the grounds raised may be considered as "extraordinary and compelling"—the court intends no prejudice to a new motion based on new theories and evidence.[3]

       **IT IS SO ORDERED**.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: May 27, 2025

---

[3] Furthermore, as Morris notes, the non-crediting of his state court sentence toward service of his federal sentence undercuts the merits of any future motion for compassionate release, as the Court would consider, *inter alia*, the amount of time Morris has yet served on the sentence he would seek to modify under such a motion. More reason that a new motion under new circumstances would be more appropriate than asserting new theories in a delayed reply.